UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

WAYNE ROSE,

           Plaintiff,

    - against -

LAURENCE KNIPEL; DEVIN COHEN;
MARIAN SUNSHINE; AARON BLINDER;
ESTATE OF JOHNNY LEE BAYNES;
CAROLYN DEMAREST; MARK PARTNOW;
LAURENCE MARKS; JOHN SALVADOR;
GEORGE SILVER;  JANET DiFIORE,[1]

           Defendants.
------------------------------------------------------------X

MEMORANDUM
AND ORDER
21-CV-786 (LDH) (LB)

BRIAN M. COGAN, United States District Judge:

    Plaintiff, Wayne Henry Rose,[2] proceeding *pro se* and using a pseudonym, John Anderson, initiated this action in February 2021. The operative pleading, the second amended complaint,[3] filed September 29, 2021, alleges that defendants, all of whom are judges or court employees of New York State courts violated his rights over the course of a civil lawsuit.

---

[1] The Clerk of Court is respectfully directed to amend the docket to reflect Plaintiff Wayne Rose's thirteen closed cases.

[2] The Court notes, as it has previously, that Plaintiff has a robust history of litigation in this court and elsewhere. *See, e.g., Rose v. Lebowitz,* No. 13-CV-2650 (NGG), 2013 WL 2255532 (May 23, 2013 E.D.N.Y) (dismissing complaint against Justice Jeffrey Lebowitz of the Queens County Supreme Court); *Rose v. New York City Dep't of Human Res.*, No. 12-CV-1764 (GBD), 2013 WL 323995 (Jan. 24, 2013 S.D.N.Y) (dismissing claim that Plaintiff was denied certain benefits because he is White); *Rose v. Goldman*, No. 02-CV-5370 (NGG), 2011 WL 1130214 (Mar. 24, 2011 E.D.N.Y) (finding against Plaintiff on summary judgment in favor of numerous defendants and explaining: "Plaintiff's suit has now spanned two states, three judicial districts, and almost nine years of litigation.").

[3] The second amended complaint completely replaced the original complaint, ECF No. 1, and the amended complaint, ECF No. 5. For ease of reference, the Court refers to the electronic case filing (ECF) page numbers.

1

Plaintiff seeks damages and declaratory relief. Plaintiff's request to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915 solely for the purpose of this Order. The action is dismissed.

## STANDARD OF REVIEW

A district court shall dismiss an *in forma pauperis* action where it is satisfied the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court construes plaintiff's *prose* pleadings liberally particularly because they allege civil rights violations. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant #1,* 537 F.3d 185, 191-93 (2d Cir. 2008). Although courts must read *pro se* complaints with "special solicitude" and interpret them to raise the "strongest arguments that they suggest," *Triestman v. Federal Bureau of Prisons,* 470 F.3d 471, 474-76 (2d Cir. 2006) (internal quotation marks omitted), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citation omitted). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly,* 550 U.S. at 555). Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly,* 550 U.S. at 557).

## BACKGROUND

Plaintiff seeks damages and injunctive relief against judges and three state court employees of the New York Supreme Court, Kings County, in which a "commercial civil matter" to which he was a party was litigated. Distilled to its essence, the thirty-one-page second amended complaint asserts that plaintiff's due process rights were violated because, despite his repeated attempts to challenge the filing of "sensitive medical information" in the state court's public records and to seek the recusal of Judge Knipel, the defendants denied his requests.[4] He names as defendants eight judges of the State of New York, Kings County, assigned to his case or holding administrative duties within the state court system: The Honorable Laurence Knipel, Commercial Division, the Estate of the Honorable Johnny L. Baynes, the Honorable Devin Cohen, the Honorable Carolyn Demarest, Honorable Mark Partnow, the Honorable Janet DiFiore, Chief Judge of the Court of Appeals of the State of New York, the Honorable George Silver, Deputy Chief Administrative Judge for New York City Courts; the Honorable Laurence Marks, Chief Administrative Judge for New York City Courts; and three state court employees: Judge Knipel's Law Secretary, Aaron Blinder; Judge Cohen's Law Secretary, John Salvador; and Special Referee for the Supreme Court of the State of New York, Commercial Division, Marian Sunshine. He seeks equitable relief (the deletion of his medical information from court records and the removal of "all matters" before the defendants and "brought to this courthouse") and monetary relief.

---

[4] Rose asserted this same claim against seven of the same defendants in *Rose v. Partnow*, No. 21-CV-3968 (EK) (E.D.N.Y) (dismissed February 18, 2022).

## DISCUSSION

### A.  Plaintiff May Not Proceed Pseudonymously

Federal Rule of Civil Procedure 10(a) requires the title of the complaint to "name all the parties." The Second Circuit has recognized that, while it is sometimes appropriate for a litigant to proceed under a pseudonym, Rule 10(a)'s requirement "serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." *Sealed Plaintiff v. Sealed Defendant,* 537 F.3d 185. 188-89 (2d Cir. 2008) (setting forth a non-exhaustive list of ten factors to guide courts in balancing the "plaintiff's interest in anonymity . . . against both the public interest in disclosure and any prejudice to the defendant.") "[P]seudonyms are the exception and not the rule," and a party seeking to "receive the protections of anonymity . . . must make a case rebutting" the "presumption of disclosure." *United States v. Pilcher,* 950 F.3d 39, 45 (2d Cir. 2020) (per curiam).

Plaintiff's suit does reference his medical records, a topic that is somewhat "sensitive" and "personal," *Sealed Plaintiff,* 537 F.3d at 190 (factor one of ten), but the allegations are not so sensitive and personal as to justify employing the unusual procedure of a pseudonymous suit. The facts in the second amended complaint concerning plaintiff's medical history are not especially intimate compared to other cases in which plaintiffs have proceeded under their own name. *See, e.g., Dean v. Univ. at Buffalo Sch. Of Med. & Biomedical Scis.,* 804 F.3d 178, 183 (2d Cir. 2015) (discussing former student's depression, anxiety, and academic history in connection with ADA action against medical school); *Doe v. Skyline Automobiles Inc.*, 375 F. Supp. 3d 401, 405-6 (S.D.N.Y. 2019) (denying motion to proceed anonymously despite "highly sensitive" allegations of being "sexually assaulted while unconscious" and subject to "sexual

harassment following the incident."). In the absence of stronger privacy interests or better substantiated concerns of collateral harms, the Court finds that plaintiff's anonymity is not justified. The Clerk of Court is directed to correct the caption to reflect the fact that plaintiff's name is Wayne Rose.

### B. Defendants Immune from Suit

Plaintiff's allegations against all the defendants arise from actions that these defendants took in connection with plaintiff's state court proceedings. He names eight judges[5]: defendants Demarest, Knipel, Cohen, Partnow, DeFiore, Silver, Marks, and Baynes. However, judges are immune from liability for damages stemming from acts that are within the judge's judicial capacity. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (judges are immune to suit except for actions not taken in judicial capacity and actions taken in complete absence of all jurisdiction). To the extent plaintiff sues a judicial defendant in their individual capacity seeking injunctive relief rather than damages, the claim must be dismissed.

Pursuant to the Federal Courts Improvement Act (FCIA), Pub.L. No. 104-317, 110 Stat. 3847 (1996), § 309(c) bars injunctive relief in any § 1983 action "against a judicial officer for an act or omission taken in such officer's judicial capacity ... unless a declaratory decree was violated or declaratory relief was unavailable." *Id.* § 309(c), 110 Stat. at 3853 (amending 42 U.S.C. § 1983). *See Huminski v. Corsones*, 396 F.3d 53, 74 (2d Cir. 2004) (injunctive relief); *Guerin v. Higgins*, 8 Fed. Appx 31 (2d Cir. 2001) (declaratory). Plaintiff does not allege that a

---

[5] The second amended complaint also references the Honorable Mark Solomon but it is unclear if Plaintiff intended him to be a defendant. Judge Solomon was named in the caption of the amended complaint, ECF No. 5 at 1, but not the complaint or the second amended complaint. Regardless, he too would enjoy judicial immunity.

"declaratory decree was violated" or that "declaratory relief was unavailable." 42 U.S.C. 1983; *see also Montero v. Travis*, 171 F.3d 757, 761-62 (2d Cir. 1999).

As to the defendants Blinder and Salvador, "for purposes of absolute judicial immunity, judges and their law clerks are as one." *Oliva v. Heller*, 839 F.2d 37, 40 (2d Cir. 1988). Therefore, law secretaries (as law clerks are known in New York state courts) Aaron Blinder and John Salvador, who are "probably the one participant in the judicial process whose duties and responsibilities are most intimately connected with the judge's own exercise of the judicial function" and "who [were] clearly assisting the judge in carrying out judicial functions, [are] covered by the doctrine of absolute immunity." *Id; see also, In re Lickman,* 304 B.R. 897, 903–04 (Bankr. M.D.Fla. 2004) (discussing judicial immunity and quashing subpoenas served on law clerk because, among other reasons, "if a judge cannot be compelled to testify in a case over which he or she presides in regards to her or his [decision making], then a disgruntled litigant should not be allowed to circumvent this by compelling the judge's staff to so testify.").

The complaint against Special Referee Marian Sunshine is also foreclosed by absolute judicial immunity. "The law is clear that court referees are entitled to absolute judicial immunity from liability with respect to acts taken in the scope of their duties. *Khrapko v. Splain*, 389 F. Supp. 3d 199, 205–06 (W.D.N.Y. 2019) (citing *Green v. Kadilac Mortg. Bankers, Ltd.,* 936 F. Supp. 108, 115 (S.D.N.Y. 1996) and *Weiss v. Feigenbaum*, 558 F. Supp. 265, 272 (E.D.N.Y. 1982)).

Plaintiff's allegations of disrespect and mistreatment by the defendants do not alter defendants' entitlement to absolute immunity. *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009) ("[E]ven allegations of bad faith or malice cannot overcome judicial immunity"). Although plaintiff has attempted to preempt an immunity defense by alleging that defendants are not

6

immune because "they were not performing any judicial acts," and their conduct was "absent of all jurisdiction," ECF No. 7 at 23, that attempt is unavailing. The facts alleged by plaintiff show that defendants were acting within the scope of their duties. That plaintiff was unhappy with their actions does not alter the result.

Because all the defendants are immune from the type of suit plaintiff seeks to bring, he has already amended the complaint, and his history of litigation, the Court will not afford plaintiff the opportunity to file a third amended complaint.

### C. Filing Injunction Warning

The ability to litigate *in forma pauperis* is regarded as a privilege and may be denied if abused. *In re Anderson*, 511 U.S. 364 (1994); *In re Sindram,* 498 U.S. 177, 179–180 (1991) ("In order to prevent frivolous petitions for extraordinary relief from unsettling the fair administration of justice, the Court has a duty to deny *in forma pauperis* status to those individuals who have abused the system."); *Polanco v. Hopkins*, 510 F.3d 152, 156 (2d Cir. 2007) (The ability to proceed *in forma pauperis* "is not a constitutional right, but rather a congressionally created benefit."). The Second Circuit has held that a district court not only has the authority, but also an obligation, to deny this benefit to a litigant who has demonstrated a history of filing frivolous and vexatious claims. *See In re Martin–Trigona*, 737 F.2d 1254, 1261 (2d Cir. 1984) ("Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions."). However, it is the "[t]he unequivocal rule in this Circuit . . . that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard." *Iwachiw v. New York State Dep't of Motor Vehicles*, 396 F.3d 525, 529 (2d Cir. 2005) (quoting *Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998)).

Rose has a protracted litigation history in this Court. The Court takes this opportunity to warn Rose that it will not tolerate frivolous litigation and that if he persists in filing frivolous or vexatious actions, the Court may enter an Order, after notice and opportunity to be heard, barring the acceptance of any future *in forma pauperis* complaint for filing without first obtaining leave of the Court to do so. 28 U.S.C. § 1651; *see e.g., In re Martin-Trigona*, 9 F.3d at 227-29; *Iwachiw v. N.Y. State Dep't of Motor Vehicles*, 396 F.3d at 529 (2d Cir. 2005); *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (*per curiam*) (a district court has the authority to issue a filing injunction when "a plaintiff abuse[s] the process of the Courts to harass and annoy others with meritless, frivolous, vexatious or repetitive . . . proceedings.") (internal quotations and citations omitted).

## CONCLUSION

Accordingly, the action is dismissed because it seeks relief from defendants who are absolutely immune from its claims. 28 U.S.C. § 1915(e)(2)(B)(iii). The Clerk of Court is directed to correct the plaintiff's name to Wayne Rose, to enter judgment, and to close this case. The Clerk of Court is further directed to amend the docket to reflect plaintiff Wayne Rose's thirteen closed cases.

The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully requested to send a copy of this order to plaintiff by mail, and to note the mailing on the docket.

SO ORDERED.

Digitally signed by
Brian M. Cogan

_____
BRIAN M. COGAN
United States District Judge

Dated: Brooklyn, New York
April 12, 2022